**UNITED STATES DISTRICT COURT**

**District of New Jersey**

Chambers of
**William H. Walls**
Senior District Judge
———
(973) 645-2564
(973) 645-3436 Fax

Martin Luther King, Jr.
Federal Courthouse
50 Walnut Street
Newark, NJ 07102

NOT FOR PUBLICATION

LETTER ORDER

July 23, 2012

Richard Berberian
2102 Sunny Slope Road
Bridgewater, NJ 08807

Justin Danilewitz
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

Re:     United States v. Berberian; Crim. No. 07-0762 (WHW)
        Motion for Termination of Supervised Release

Dear Mr. Berberian:

Pursuant to a plea agreement filed with this Court on September 24, 2007, you pled guilty to a charge of knowing possession of images of child pornography in violation of 18 U.S.C. § 2256(8)(A). This Court sentenced you on January 18, 2008 to 37 months of imprisonment to be followed by three years of supervised release. Since release from your term of imprisonment on November 22, 2010, you have served approximately 19 months of the 36 months of supervised release imposed by this Court. On May 23, 2012, you made a pro se motion for early termination of the remaining period of supervised release. The Government filed an opposition to this motion on June 12, 2012.

Supervised release following a defendant's period of imprisonment is designed to provide support for rehabilitation and "improve the odds of a successful transition from the prison to liberty." Johnson v. United States, 529 U.S. 694, 708–09 (2000). Under 18 U.S.C. § 3583(e)(1), "the court may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In making this determination, the statute directs the court to consider many of the same factors that it is required to consider in imposing the initial sentence under 18 U.S.C. § 3553(a). These required factors include: the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1); the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, 18 U.S.C. § 3553(a)(2)(B–C); the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. § 3553(a)(2)(D); the sentencing range applicable to the defendant under the United States Sentencing Guidelines along with any pertinent policy statement by the United States Sentencing Commission, 18 U.S.C. § 3553(a)(4–5); the need to avoid unwarranted sentence disparities among similarly-situated defendants, 18 U.S.C. § 3553(a)(6); and the need to provide restitution to any victims, 18 U.S.C. § 3553(a)(7).

After consideration of these same factors, this Court initially imposed a period of supervised release of three years at sentencing in January 2008. The Court is not aware of any new or unforeseen circumstances that would now change its determination that the full three year period of supervised release is appropriate. The motion for early termination cites only what you characterize as your "exemplary behavior" during the first 18 months of supervised release.

During this period, you have avoided all contact with law enforcement, complied with all directives of your Probation Officers, and voluntarily agreed to allow the Probation Office to monitor your computer. You also claim to have participated in counseling when required, maintained an apartment, continued a relationship with your long-time girlfriend, and rebuilt relationships with your adult children.

Although all of these accomplishments are commendable, this conduct alone is not enough for this Court to find that termination of supervised release would be in the interests of justice. Section 3583 governing supervised release does not provide for termination based solely on the defendant's good behavior. The Third Circuit has suggested that a sentencing judge should exercise the discretion to terminate supervised release under 18 U.S.C. § 3583(e)(1) only under "exceptional or extraordinary" circumstances. United States v. Laine, 404 F. App'x. 571, 573–74 (3d Cir. 2010) (citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Compliance with the terms of supervised release and cooperation with the U.S. Probation Office are neither exceptional nor extraordinary because they are required and expected for all defendants. Id. at 574. Based on your conviction for possession of electronic images of child pornography, voluntary acceptance of computer monitoring as an additional condition of supervised release does not constitute an exceptional level of cooperation or impose any undue hardship. Your success in maintaining some level of stability since release and rebuilding relationships with your family also does not justify early termination because there is no indication that the remaining period of supervision would impede rather than support you in these endeavors.

Upon consideration of the required factors identified in 18 U.S.C. § 3583(e), the Court finds that continued supervision is appropriate in accordance with the three year term of supervised release previously imposed.

It is on this 23rd day of July, 2012:

ORDERED that Defendant Richard Berberian's Motion for Termination of Supervised Release is DENIED.

Sincerely,

**/s/William H. Walls**
United States Senior District Judge

cc:    All Counsel of Record (via ECF)